FILED

NOV 1 9 2002

LARRY W. PROPES, CLERK
FLORENCE, SC

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | **4-02 -3904-25** |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| WILLIE J. TOWNSEND and | ) | |
| MARCELINA TOWNSEND, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action commenced by the United States of America to foreclose a Real Estate Mortgage on property situate in the District of South Carolina, and other relief; and the Court has jurisdiction of this action by virtue of the provisions of 28 U.S.C. §1345.

FOR A FIRST CAUSE OF ACTION

1.  The Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, is an agency of the United States of America, and at all times hereinafter mentioned acted for and on behalf of the plaintiff, and the United States of America is the real party in interest in this action.

2.  The real estate which is the subject of this action is situate in the State of South Carolina and in the County set forth in paragraph 4 of this Complaint.

3.  On December 29, 1993, Willie J. Townsend and Marcelina Townsend, for valuable consideration, made, executed and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of

| Document # |
|---|
| 1 |

Agriculture, a certain Promissory Note in writing and under seal wherein and whereby they promised to pay to the order of the United States of America, through its aforesaid agency, the principal sum of $56,780.00, with interest thereon from such date on the unpaid principal balance at the rate of six and one-half percent (6½%) per annum, payable in installments of principal and interest as follows: The first installment being due and payable in the sum of $350.00 on April 28, 1994, and 392 equal and successive installments in the sum of $350.00 each, monthly thereafter, until the principal and interest are fully paid.  This loan is subject to interest credit recapture as is evidenced by a Subsidy Repayment Agreement.

4.  Contemporaneously with the execution of the aforesaid Note, on the same date thereof, and in order to secure the payment of the same, Willie J. Townsend and Marcelina Townsend made, executed and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, and its assigns, a Real Estate Mortgage conveying unto the United States of America, by way of Mortgage, the following described real estate situate in the State of South Carolina and County of Marlboro:

> All that certain piece, parcel or lot of land,
> with improvements thereon, lying and being
> situate in Pringle Subdivision, Marlboro County,
> State of South Carolina, shown and delineated as
> Lot Number 33 on that plat entitled - "Plat of
> Lot 33 Pringleland - Willie J. Townsend -
> Marlboro County, S.C." dated November 3, 1993,
> and recorded in Plat Book 48 at Page 165 in the
> Office of the Clerk of Court for Marlboro County.

2

For a more particular description as to metes and bounds, courses and distance, reference is craved to the aforementioned plat.

This being the identical property conveyed to Willie J. Townsend and Marcelina Townsend by deed of Roosevelt Windham, Jr. dated December 29, 1993, and recorded December 29, 1993, in the Office of the Clerk of Court/RMC for Marlboro County, South Carolina, in Deed Book 315 at Page 55.

5. The aforesaid Mortgage was filed for record and recorded in the Office of the Clerk of Court for Marlboro County, South Carolina, on December 29, 1993, in Real Estate Mortgage Book 291 at Page(s) 10-13.

6. The Promissory Note executed by Willie J. Townsend and Marcelina Townsend as aforesaid, provides that the consideration herefor shall support any agreement modifying the foregoing schedule of payments. Each payment made on any indebtedness evidenced by this Note shall be applied first to interest computed to the effective date of the payment and then to principal. The Note further provides for acceleration of the entire principal sum and accrued interest to become at once due and payable without notice at the option of the holder of the said Note in the event of any default under the terms and provisions of the Note.

7. The Real Estate Mortgage described above provides that if there is a default in any of its terms, conditions, or covenants, or of the Note secured thereby, then all sums then owing thereunder shall become immediately due and payable, and the Mortgage may be foreclosed.

3

8.  The plaintiff, acting by and through its aforesaid agency, is the owner and holder of the Note and Mortgage herein described.

9.  The Note and Mortgage are in default in that payments have not been made thereunder when due and the account has not been reinstated although due demand for payment has been made by the plaintiff.  The plaintiff has elected and does hereby elect to declare the entire amount due upon the aforesaid Note and Mortgage to be immediately payable, together with all advances made thereunder for taxes, insurance premiums, and all sums advanced in connection with the Mortgage and mortgaged premises under the terms of the loan instruments and applicable regulations.  There is due upon the aforesaid Note and Mortgage as of October 24, 2002, $72,497.05, which amount includes principal and interest, as well as other advances, and plaintiff is entitled to daily interest accrual from the above stated date at the rate of $9.4471 per day.  Further, Defendants Willie J. Townsend and Marcelina Townsend received a subsidy in the amount of $15,295.32 during the life of the loan.  Therefore, this loan is subject to interest credit recapture as evidenced by the Subsidy Repayment Agreement.

10.  Pursuant to Rule 9(c), Federal Rules of Civil Procedure, any and all loan servicing actions required by applicable statutes and regulations which may be conditions precedent to proceeding with this foreclosure have been performed or have occurred.

11.  The plaintiff does not seek a deficiency judgment in this action.

4

FOR A SECOND CAUSE OF ACTION

Upon foreclosure and sale of the property hereinabove described, in order that the purchaser at said sale may duly acquire peaceful possession of the property, the Court is respectfully requested to include in its Decree of Foreclosure and Sale the following proviso, to wit:

After the sale of the premises, and as soon as the sale by the United States Marshal is complete, and has been approved by the Court, the mortgagor(s), or person(s) in possession, shall within fifteen days of the date of approval by the Court, move from the premises, and give up the premises, without damage or vandalism. Upon failure of any mortgagor(s) or person(s) to vacate the premises within fifteen days of the date of approval by the Court, the United States Marshal is authorized, empowered and directed to enter upon the premises, and forcibly eject the parties therefrom, unless prior to such date, the mortgagor(s) or person(s) in possession has obtained from the Court an Order extending the time which said mortgagor(s) or person(s) shall have to vacate said premises. The United States Marshal (or deputy) is also authorized to remove from the premises any furniture or other possessions of the mortgagor(s) or person(s) in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

WHEREFORE, the plaintiff prays:

(a)  That the amount due upon the aforesaid Note and Mortgage be ascertained and determined by the Court.

(b)  That the plaintiff's Mortgage be declared a first lien on the mortgaged premises and Plaintiff have judgment of foreclosure for the amount found to be due and owing, together with all costs and expenses of this action and of the sale of the property, and that all right, title, interest and equity of redemption of the defendants and

5

of any person holding by, through, or under the defendants shall be forever barred in and to the mortgaged premises.

(c)  That the property herein described be sold at public outcry free and clear of all liens, except the liens of ad valorem taxes, if any, and that the proceeds of sale be applied as follows:

First, to the costs and expenses of this action and sale of the property as decreed by the Court;

Second, to the payment and discharge of the amount due on the plaintiff's Note and Mortgage;

Third, the surplus, if any, be distributed according to law.

(d)  That the further relief sought by Plaintiff in its Second Cause of Action be granted; and

(e)  For such other and further relief as the Court may deem just and proper.

J. STROM THURMOND, JR.
United States Attorney

BY: _Laverne H. Manning_
LAVERNE H. MANNING (ID# 5740)
Assistant United States Attorney
Attorneys for Plaintiff
1441 Main Street, Suite 500
Columbia, South Carolina 29201
(803) 929-3000

Columbia, South Carolina
Nov. 15          , 2002

6